IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Quattlebaum, | ) | C/A No. 2:14-CV-3664-DCN-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| The Boeing Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the Defendant's Motion for Summary Judgment. (Dkt. No. 35.) In his Complaint, the Plaintiff alleges that he was wrongfully terminated from the Boeing Company ("Boeing") in retaliation for taking leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge. For the reasons stated herein, the undersigned recommends that the Defendant's Motion for Summary Judgment (Dkt. No. 35.) be granted.

## **Facts**

The Plaintiff was hired by Boeing in September of 2009. During his employment at Boeing, the Plaintiff worked as an Assembler A and a Mechanic B in North Charleston, South Carolina. (Dkt. No. 35-1 at 3.) The Plaintiff began having anxiety in August of 2012 stemming from his relationship with his team leader. (Dkt. No. 35-1 at 5-9.) The Plaintiff was experiencing anger and thoughts of harming his team leader, such as choking her or hitting her. (*Id.*) The Plaintiff reported the conflict and anxiety to supervisors and to Conja Rice in human resources. (*Id.*) Ms. Rice referred the Plaintiff to Dr. Risa Mason, an onsite clinical psychologist at Boeing.

(*Id.*; Dkt. No. 35-3 at 3-4.) The Plaintiff informed Dr. Mason of his thoughts towards his team lead, and Dr. Mason referred him to Palmetto Behavioral Health. (Dkt. No. 35-1 at 6-7.)

The Plaintiff requested and was granted FMLA leave for his anxiety starting on August 22, 2012. (Dkt. No. 1 at ¶¶ 16-17.) In his deposition, the Plaintiff described Ms. Rice's response to his request for FMLA as "Great. I'm 100 percent behind you, and I'll be here, you know, to support and help you." (Dkt. No. 35-1 at 6.) The Plaintiff requested the leave through Aetna "Total Access," a third-party leave administrator for Boeing. (Dkt. No. 35-1 at 10-13.) The Plaintiff understood that he was responsible for returning required paperwork from his providers to Aetna before returning to work or face termination. (*Id.* at 12.) The Plaintiff found having to go through Aetna to be tedious and difficult. (*Id.* at 10-13.) The Plaintiff's FMLA leave expired on approximately November 14, 2012.[1] (Dkt. No. 1 at ¶ 17.)

Following the expiration of the FMLA leave, the Plaintiff was granted additional leave from Boeing in December, 2012 and January, 2013. (Dkt. No. 35-4 at 2.) During both the FMLA leave and the additional leave, the Plaintiff saw private physicians and a psychologist. On December 5, 2015, Susan Crocker, M.D. Psychiatrist, and William Burke, Ph.D, LPC, wrote a letter to Dr. Mason, Boeing's in-house psychologist, informing her that the Plaintiff had failed to enroll in an anger management class that had been recommended to him and that they recommend that the Plaintiff undergo a "fitness to work evaluation" before returning to work. (Dkt. No. 35-5 at 3; *see also* 35-4 at 3.) The Plaintiff never underwent the evaluation. (Dkt. No. 35-1 at 18.) The Plaintiff received two letters in December of 2012 informing him he needed to

---

[1] Boeing contends that the Plaintiff's FMLA leave expired November 13, 2012. (Dkt. No. 35 at 4.) The AETNA records show that the leave expired on November 12, 2012. (Dkt. No. 35-2 at 5.) In the Plaintiff's Responses to Defendant's First Request for Admissions, the Plaintiff admitted the leave was exhausted on November 29, 2012. (Dkt. No. 35-4 at 2.) The exact date that the FMLA leave expired is not a material fact for the issues currently before the court.

submit certain medical paperwork to return to work. (Dkt. No. 35-1 at 25-28.) The Plaintiff never returned the required paperwork. The Plaintiff explained during his deposition that he felt he was "caught between Aetna and the provider" as could not get the providers to fill out the necessary paperwork. (*Id.* at 26.) The Plaintiff was aware he was expected to return to work at Boeing on January 14, 2013, but did not return on that date. (*Id.*) The Plaintiff never requested any additional leave or any extensions to submit paperwork. (Dkt. No. 35-4 at 2-3.)

According to Boeing, the Plaintiff was not allowed to return to work on January 14, 2013, because Boeing never received clearance for him to return from his medical providers. (Dkt. No. 35-6.) The Plaintiff met with Dr. Mason on Thursday, January 17, 2014. (Dkt. No. 35-6 at 2.) The parties agree that the Plaintiff was terminated on January 24, 2013. (Dkt. Nos. 35 at 8; 39 at 2.)

## **Applicable Law**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

3

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## Analysis

The FMLA provides eligible employees with up to twelve weeks of unpaid leave during any twelve-month period for qualifying "serious health conditions" and the right to return to the same or an equivalent position at the conclusion of the leave period. 29 U.S.C. 2612(a)(1)(A)-(D). The Plaintiff does not allege that Boeing failed to allow him the leave he was entitled to under the FMLA. (*See* Dkt. No. 1.) Rather, the Plaintiff alleges he was subject to a discriminatory or retaliatory termination because he exercised his rights under the FMLA.[2] (*Id.*; *see also* Dkt. No. 39 at 3.) "FMLA claims arising under the retaliation theory are analogous to those derived under Title VII and so are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800–06, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 550-51 (4th Cir. 2006).

The Supreme Court of the United States articulated a three-part formula for analyzing discrimination cases in *McDonnell Douglas*. First, a plaintiff must establish a *prima facie* case

---

[2] Claims alleging violation of proscriptive rights arising under 29 U.S.C.A. § 2615(a)(2) are known as "retaliation" or "discrimination" claims. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006). Section 2615(a)(2) states "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." *Id.*

4

of discrimination. If a *prima facie* case is established, a rebuttable presumption is created that the defendant unlawfully discriminated against him. Second, once this presumption has been established, the burden of production shifts to the defendant to show a legitimate, non-discriminatory reason for its actions. Third, if the defendant shows a legitimate, non-discriminatory reason for its actions, the burden is then on the plaintiff to come forward with evidence that the defendant's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the defendant were actually based on plaintiff's protected activity. *McDonnell Douglas Corp.*, 411 U.S. at 802-805; *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-256 (1981); *Yashenko*, 446 F.3d at 551. Despite these shifting burdens of production, however, a plaintiff retains the ultimate burden of persuasion on the issue of discrimination throughout. *Texas Dep't of Community Affairs*, 450 U.S. at 252-253; *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).

In order to meet the first prong of the *McDonnell Douglas* formula and establish a *prima facie* case, the Plaintiff must show "that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity" *Yashenko*, 446 F.3d at 551. In the case at bar, Boeing does not dispute that the Plaintiff engaged in a protective activity under the FMLA and was terminated. (Dkt. No. 35 at 11 ("For the purposes of this Motion for Summary Judgment, only the third element is at issue.").)

The court turns to whether a genuine issue of material fact exists as whether the Plaintiff's termination was causally connected to the exercise of his rights under the FMLA. The Plaintiff has not presented any evidence that the Plaintiff's termination was causally related to the exercise of his rights under the FMLA. In the Plaintiff's memorandum in opposition to the

5

Defendant's Motion for Summary Judgment (Dkt. No. 39), the Plaintiff focuses on the reasons given by the Defendant for the Plaintiff's termination and does not address the required causal connection.  While the exact date may not be agreed upon, it is undisputed that the Plaintiff's FMLA leave was exhausted in November of 2012.  Boeing granted the Plaintiff additional leave for the remainder of the month of November, the entire month of December, and the beginning of the month of January.  There is no evidence in the record or legal citation in the briefs to support that Boeing had any duty to provide the Plaintiff the additional leave.  It is undisputed that the Plaintiff was expected to return to work on January 14, 2013, but did not return on that date. (Dkt. No. 35-1 at 26.)  The Plaintiff was then fired ten days later on January 24, 2013. (Dkt. Nos. 35 at 8; 39 at 2.) There is no evidence that the exercise of his rights under the FMLA was related to his termination.  The record contains evidence to the contrary.  The Plaintiff described Boeing's human resources representative's reaction to his request for leave as "Great. I'm 100 percent behind you, and I'll be here, you know, to support and help you." (Dkt. No. 35-1 at 6.)  The Plaintiff's termination was months after his FMLA had expired, and Boeing had given him additional leave without legal obligation.  The Plaintiff had twice taken FMLA previously at Boeing and never had any problem. (Dkt. No. 35-2 at 2-4.)  This court finds that there is no genuine issue of material fact as to the causal connection between the Plaintiff's termination and his leave under the FMLA and recommends that the Defendant is entitled to summary judgment as a matter of law.

Even assuming *arguendo* the Plaintiff met his burden of proving a *prima facia* case, the Plaintiff has failed to present any evidence that Boeing's legitimate, non-discriminatory reasons for terminating the Plaintiff are a mere pretext for its true discriminatory motives, and that the actions of the Defendant were really based on the Plaintiff's FMLA leave.  Boeing has presented

legitimate, non-discriminatory reasons for the Plaintiff's termination. It is undisputed that the Plaintiff did not return to work on January 14, 2013, and missed work without any permission to do so though his termination on January 24, 2013. The parties agree that the Plaintiff did not return medical paperwork required by Boeing, and the Plaintiff knew that his failure to return the paperwork could result in his termination. (Dkt. No. 35-1 at 13.) The Plaintiff contends that he tried to return the paperwork, but could not get the paperwork he needed from his providers. (*Id.*) The paperwork required included an evaluation to return to work from the Plaintiff's mental health providers.[3] (*Id.* at 16, 19.) The Plaintiff admitted in his deposition that he never submitted to such an evaluation because he could not afford it. (*Id.* at 18-19.) Given that part of the reason the Plaintiff originally requested leave was because he was having violent ideations against his team leader, it was wholly reasonable for Boeing to require an evaluation from mental health professionals before allowing Plaintiff to return to work. Such a clearance directly bore on his ability to perform his job.

The Plaintiff has failed to demonstrate that the reasons given by Boeing for terminating the Plaintiff are pretextual. The Plaintiff must establish that Boeing's explanation for his termination "is pretext for FMLA retaliation." *Laing v. Fed. Exp. Corp.,* 703 F.3d 713, 721 (4th Cir. 2013) (quoting *Nichols v. Ashland Hosp. Corp.,* 251 F.3d 496, 502 (4th Cir.2001)). The Plaintiff must show that Boeing's given reasons are "dishonest or not the real reason for [his] termination." *Id.* at 722 (quoting *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir.2000)). "[W]hen an employer gives a legitimate, nondiscriminatory reason for discharging the plaintiff,

---

[3] The Plaintiff's deposition testimony is not consistent as to whether he knew he had to have medical clearance to return to work. He first testified that he knew he needed a medical clearance to return to work. (Dkt. No. 35-1 at 16.) The Plaintiff later testified that he did not know that he needed to have a "fitness evaluation" to return to work. (*Id.* at 19.) However, the Plaintiff then admitted under further questioning that Dr. Mason told him he had to have a fitness evaluation to return to work. (*Id.*)

it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins*, 203 F.3d at 279 (internal quotation marks omitted).

The Plaintiff has not submitted any evidence that Boeing's reasons for his termination are mere pretext in order to retaliate against him for exercising his rights under the FMLA. The Plaintiff had previously taken FMLA leave with no ill effect. Boeing voluntarily gave the Plaintiff approximately two months of additional leave. The Plaintiff argues that he could not afford to follow his medical providers' advice and meet Boeing's requirement to have a return to work evaluation. This argument has no bearing on whether or not Boeing's given reasons are pretextual. The Plaintiff attempts to argue that the Plaintiff's failure to submit the paperwork is because his providers would not give him the paperwork to submit. (Dkt. No. 39 at 4.) This argument ignores that part of the required paperwork was the return to work evaluation *which the Plaintiff never completed*.

In *Laing*, the Fourth Circuit stated that "'especially relevant' to a showing of pretext would be evidence that other employees who were similarly situated to the plaintiff (but for the protected characteristic) were treated more favorably." 703 F.3d at 719 (quoting *McDonnell Douglas* 411 U.S. 792)). The Plaintiff has not submitted any evidence of any other employees being treated differently than the Plaintiff. The Plaintiff has not provided any comparative individuals at all. In such cases, the Fourth Circuit has stated that "the plaintiff must be able to point persuasively to some other form of evidence demonstrating that the employer's explanation was a mere pretext for discrimination." *Laing,* 703 F.3d at 720. The Plaintiff has not provided any other evidence that Boeing's legitimate, non-discriminatory reasons are pretextual. The Plaintiff has failed to meet his burden.

8

**Recommendation**

Accordingly, the Magistrate Judge **RECOMMENDS** that the Defendant's Motion for Summary Judgment (Dkt. No. 35.) be **GRANTED**.

**IT IS SO RECOMMENDED.**

June 20, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE